**TEXACO INC. (Formerly The Texas Company)**

v.

**UNITED STATES.**

Nos. 49-58, 50-58.

United States Court of Claims.

July 19, 1961.

**676**

George E. McMurray, Jr., John E. Shea, Washington, D. C., and James F. Birmingham, New York City, for plaintiff.

Theodore D. Peyser, Jr., James P. Garland and Philip R. Miller, Dept. of Justice, Washington, D. C., for defendant.

PER CURIAM.

These cases come before the court on plaintiff's motion, filed May 31, 1961, for reconsideration of the court's opinion of May 3, 1961, which opinion amended the court's decision of March 1, 1961, in these cases, together with defendant's response. Upon consideration thereof,

IT is ordered this nineteenth day of July, 1961, that the order of May 3, 1961, dismissing plaintiff's petition in Case No. 50–58, be and the same is vacated and withdrawn and the order of March 1, 1961, granting judgment for plaintiff with the amount thereof to be determined pursuant to Rule 38(c), 28 U.S.C.A. is hereby re-entered, and

IT is further ordered that Finding 22 relating to cases 49–58 and 50–58 of the decision of March 1, 1961, as amended by the opinion of May 3, 1961, be and the same is further amended to read as follows:

22. Plaintiff and the Commissioner of Internal Revenue entered into an agreement to suspend the running of the statute of limitations applicable to the claim for refund for 1946. This agreement became effective on June 8, 1956. A similar agreement for 1947 became effective on September 12, 1956. Copies of these agreements are attached as Exhibits 10 and 11 to the stipulation filed by the parties, by reference made a part of these findings. They refer to Barber Oil Corp. v. Manning [D.C.], 135 F.Supp. 451, which was settled by agreement of the parties and dismissed upon their stipulation approved by the court on December 4, 1957. A copy of the stipulation is attached as Exhibit 12 to the stipulation filed by the parties, by reference made a part of these findings.

On January 13, 1958, Mr. W. G. Dore, of plaintiff's Legal Department, located in New York, telephoned the Newark office of the United States District Court for the District of New Jersey, which court had decided the Barber Oil case, to ascertain the current status of that case. He was told that the case had been closed on December 5, 1957, and that the original docket sheet had been sent to the Trenton office of the District Court.

At the request of Mr. J. F. Birmingham, also of plaintiff's Legal Department, Mr. Dore telephoned the Trenton office of the court, in order to learn what papers, incident to the closing of the case, were available. He was informed that he could obtain a copy of the stipulation filed by the parties.

Also on January 13, Mr. Birmingham telephoned Mr. Cone of the American Merchant Marine Institute, which was located in New York, to learn more of what had happened in the Barber Oil case. Mr. Cone telephoned counsel for Barber Oil, who were located in Philadelphia, Pennsylvania, and who, also on January 13, wrote to Mr. Cone informing him that, on December 5, 1957, a stipulation for dismissal had been filed, with the approval of the court, in the Barber Oil case. The letter from Barber's counsel quoted the following paragraph from that stipulation:

"The above-entitled action having been settled by agreement of the parties, it is hereby stipulated that the same may be dismissed with prejudice, each party to bear his own costs."

In a letter, dated March 24, 1961, to Mr. Lyle M. Turner of the Department of Justice, Mr. George E. McMurray, Jr., of counsel for the plaintiff herein, stated that the plaintiff "probably obtained a copy" of the letter to Mr. Cone on January 15, 1958.

On January 16, 1958, Mr. W. R. Young, of plaintiff's Legal Department, wrote two letters to the Commissioner of Internal Revenue, requesting reopening of its claims for refund for the years 1946 and 1947. In these letters, Mr. Young called attention to the aforementioned stipulation. Mr. Young quoted the above paragraph from that stipulation.

The Director of the Audit Division of the office of the Commissioner of Internal Revenue acknowledged receipt of Mr. Young's letters on January 28, 1958. Plaintiff filed its petition in this court on February 3, 1958.

Plaintiff's motion for reconsideration as to Case No. 49–58 is hereby denied.